1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KIM G. OSTERKAMP,

11            Plaintiff,                          No.  CIV S-06-2002 DAD PS

12        v.

13   MICHAEL J. ASTRUE,                           ORDER AND
     Commissioner of Social Security,[1]         FINDINGS AND RECOMMENDATIONS
14
             Defendant.
15   _____/

16        This case was referred to the undersigned pursuant to Local Rule 72-302(c)(15).  On

17   December 29, 2006, plaintiff was ordered to show cause in writing within ten days why her "Consent

18   to Assignment or Request for Reassignment" form has not been filed with the court, as required by the

19   court's scheduling order filed September 7, 2006.  More than two months have passed and plaintiff has

20   not responded to the December 29, 2006 order to show cause and still has not filed the required form.

21   The Clerk of the Court will be directed to assign this action to a United States District Judge.

22        This action was removed from Yolo County Superior Court by defendant on September

23   7, 2006.  By her complaint, plaintiff seeks an order requiring the Social Security Administration to

24   _____

25        [1]  On February 12, 2007, Michael J. Astrue became the Acting Commissioner of Social
     Security.  Mr. Astrue is substituted as defendant in this suit pursuant to 42 U.S.C. § 405(g) and Fed. R.
26   Civ. P. 25(d)(1).

1   release Social Security income to her at the age of 52.  The complaint alleges no facts and contains no

2   legal argument in support of the request.  On November 7, 2006, defendant moved (1) to dismiss this

3   action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for failure to exhaust

4   administrative remedies and (2) to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a

5   claim upon which relief may be granted.  Plaintiff has not filed opposition or a statement of non-

6   opposition to defendant's motion.

7           Federal Rule of Civil Procedure 12(b)(1) allows a party to raise the defense, by motion,

8   that the court lacks jurisdiction over the subject matter of a claim.  "A motion to dismiss for lack of

9   subject matter jurisdiction may either attack the allegations of the complaint or may be made as a

10  'speaking motion' attacking the existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co.

11  v. General Tel. & Electronics, 594 F.2d 730, 733 (9th Cir. 1979).  When a Rule 12(b)(1) motion

12  attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to

13  plaintiff's allegations.  Id.  "[T]he district court is not restricted to the face of the pleadings, but may

14  review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the

15  existence of jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  The burden

16  of proof on such a Rule 12(b)(1) motion is on the party asserting jurisdiction.  Thornhill Publ'g Co.,

17  594 F.2d at 733.

18          A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint.

19  North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the

20  complaint or any claim within it "can be based on the lack of a cognizable legal theory or the absence

21  of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

22  F.2d 696, 699 (9th Cir. 1990).  See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534

23  (9th Cir. 1984).  In considering a motion to dismiss for failure to state a claim, the court accepts as true

24  all material allegations in the complaint and construes those allegations, as well as the reasonable

25  inferences that can be drawn from them, in the light most favorable to the plaintiff.  Hishon v. King &

26  Spalding, 467 U.S. 69, 73 (1984); Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740

(1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  The court must "presume that

general allegations embrace those specific facts that are necessary to support the claim." NOW, Inc. v.

Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561

(1992)). The court must also resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S.

411, 421 (1969).  However, the court need not accept as true conclusory allegations, unreasonable

inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624

(9th Cir. 1981).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

Haines v. Kerner, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure to state a claim should be

granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims

that would entitle her to relief.  NOW, Inc., 510 U.S. at 256; Hishon, 467 U.S. at 73; Cervantes v. City

of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993); Palmer v. Roosevelt Lake Log Owners Ass'n, 651

F.2d 1289, 1294 (9th Cir. 1981).

Defendant offers evidence that plaintiff applied for Supplemental Security Income (SSI)

benefits on October 14, 2005.  Her application was denied on the date it was filed because plaintiff had

not reached age 65 and did not allege blindness or disability.  A notice of denial dated October 21,

2005, was sent to plaintiff.  There is no record that plaintiff appealed the denial decision.

Defendant offers evidence of three previous application filed by plaintiff.  On

September 7, 1995, plaintiff applied for SSI alleging a disability.  A medical denial decision was

rendered on that application on October 18, 1995.  On September 15, 1995, plaintiff filed an

application for Social Security Disability Insurance Benefits under Title II of the Social Security Act,

alleging a disability onset date of August 11, 1995.  The application was denied because plaintiff was

not insured under the Social Security Disability Insurance Benefits program.  On December 1, 1999,

plaintiff applied for SSI alleging disability.  The application was administratively denied on January 13,

2000, and a notice of denial was sent to plaintiff on January 20, 2000.  A medical denial decision was

rendered on the December 1, 1999 application on April 13, 2000.  There is no record that plaintiff

appealed any of these decisions.

3

1    Defendant has submitted a declaration dated November 3, 2006, by an analyst for the

2    San Francisco Regional Office of the Social Security Administration.  Declarant Xiaowei Connelly

3    reviewed plaintiff's record and found three applications for benefits, the most recent filed on October

4    14, 2005.  Declarant states that there is no record of an appeal from any denial decision, no record of

5    any request for an administrative hearing, and no record of a request for review by the Social Security

6    Appeals Council.

7    Defendant asserts that the courts have no subject matter jurisdiction over actions and

8    decisions of the Commissioner of Social Security involving SSI and disability claims except as

9    provided in 42 U.S.C. § 405(g).  The statute provides that no action against the Commissioner of

10   Social Security may be brought to recover on any claim arising under Title II or Title XVI of the Social

11   Security Act (SSA) absent a final decision of the Commissioner made after a hearing by an

12   administrative law judge.  A claimant's failure to exhaust the procedures set forth in the SSA deprives

13   the district court of jurisdiction.  Bass v. Soc. Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989).

14   The undersigned finds that defendant's motion to dismiss pursuant to Rule 12(b)(1) is

15   meritorious and should be granted.  Defendant's motion to dismiss for failure to state a claim is also

16   meritorious due to plaintiff's failure to allege any factual or legal support for her demand for benefits.

17   In light of defendant's evidence of non-exhaustion, it does not appear that plaintiff can cure the defects

18   of her pleading at this time.  The action should be dismissed without prejudice.

19   Accordingly, IT IS HEREBY ORDERED that this action shall be assigned a United

20   States District Judge randomly selected by the Clerk of the Court;

21   IT IS HEREBY RECOMMENDED that:

22   1.  Defendant's November 7, 2006 motion to dismiss for failure to exhaust

23   administrative remedies and for failure to state a claim be granted; and

24   2.  This action be dismissed without prejudice.

25   These findings and recommendations will be submitted to the United States District

26   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after

being served with these findings and recommendations, any party may file written objections with the court and shall serve a copy of the objections on all other parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within ten days after the objections are filed.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 5, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
ddad1/orders.socsec/osterkamp2002.f&r.assign